# IN THE COURT OF APPEALS OF IOWA

No. 17-0702
Filed May 16, 2018

**DAVEONE RASHAD BROWN,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.

Daveone Brown appeals from the denial of his application for postconviction

relief. **AFFIRMED.**

Britt Gagne of Gagne Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee State.

Considered by Vogel, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MAHAN, Senior Judge.**

Daveone Brown was convicted of second-degree robbery for taking $1277 from the victim while his codefendant threatened the victim. On appeal, we found substantial evidence supported the conviction. *State v. Brown*, No. 14-0055, 2015 WL 2393440, at *2 (Iowa Ct. App. May 20, 2015) (noting the victim "reported Brown and Andrew Buchanan had robbed her of $1277" and "stated a gun was held to her head and one of the men threatened to kill her if she called the police," and citing the opinion regarding Brown's codefendant, *State v. Buchanan*, No. 13-1999, 2015 WL 162028, at *2 (Iowa Ct. App. Jan. 14, 2015), which stated "the evidence at trial shows [the victim] told two officers responding to her call that Buchanan held a gun to her head and said, 'This is a stickup, Bitch,' while Brown took her money").

Brown thereafter filed this application for postconviction relief (PCR), contending, in part, trial counsel was ineffective in failing to request a jury instruction defining theft. The district court denied the application, and Brown now appeals.

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012) (citation omitted). However, claims of a constitutional nature, such as claims of ineffective assistance of counsel, are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

> To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice. Both elements must be proven by a preponderance of the evidence. However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that

ground alone without deciding whether the attorney performed deficiently.

*Id.* at 142 (citations omitted). To establish prejudice, the applicant must affirmatively prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (citation omitted).

Brown was charged with first-degree robbery. At trial, the jury was instructed:

> The State must prove all of the following elements of robbery in the first degree as to defendant Daveone Rashad Brown:
> (1) On or about the 28th day of January, 2013, the defendant Daveone Rashad Brown, or someone he aided and abetted, had the specific intent to commit a theft.
> (2) To carry out his intention or to assist him in escaping from the scene, the defendant or someone he aided and abetted:
> (a) Committed an assault upon [the victim] and/or
> (b) Threatened [the victim] with, and/or purposely put [the victim] in fear of immediate serious injury.
> (3) The defendant, Daveone Rashad Brown or someone he aided and abetted, was armed with a dangerous weapon.
> If the State has proved all of the elements, the defendant, Daveone Rashad Brown is guilty of robbery in the first degree. If the State has proved only elements 1 and 2, but not 3, the defendant Daveone Rashad Brown is guilty of robbery in the second degree. If the State has proved only element number 2, the defendant, Daveone Rashad Brown is guilty of assault. If the State has failed to prove any of the above elements, the defendant, Daveone Rashad Brown is not guilty.

Brown contends trial counsel was ineffective in failing to request an instruction defining theft. The PCR court noted the jury was properly instructed on the elements of robbery, which includes the "intent to commit a theft." *See State v. Rich*, 305 N.W.2d 739, 746 (Iowa 1981) ("To commit robbery one need only have the intent to commit theft; there is no requirement that theft actually be committed."). The PCR court reasoned, "The theft involved in this case is the

taking of property belonging to another—the simplest definition of theft. This would have been easily understood by the jury." We agree with the PCR court that Brown cannot show the result of the trial would have been different had the jury received a theft instruction. *See State v. Oetken*, 613 N.W.2d 679, 686 (Iowa 2000) ("Even assuming an instruction defining the crime of theft should have been given, we conclude the defendant suffered no prejudice from the absence of such an instruction here."). There was strong evidence from which the jury could find Brown intended to commit a theft, and this court has already determined there was substantial evidence to support the conviction. *Brown*, 2015 WL 2393440, at *2. Because Brown has failed to prove prejudice, his ineffective-assistance-of-counsel claim fails. We therefore affirm.

**AFFIRMED.**